■ COMMISSIONER OF COMMUNITY DEVELOPMENT OF THE CITY OF ROCHESTER, Respondent, v JOHN MACKO, Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: The court erred in finding that General City Law § 20 (22) authorized the institution of special proceedings. The mere reference to "proceeding" in the statute is insufficient to authorize the prosecution of a matter "in the form of a special proceeding" (CPLR 103 [b]). To authorize the use of a special proceeding, a statute must specifically refer to "special proceeding" or provide for the use of a petition (see, i.e., Business Corporation Law § 619; Mental Hygiene Law §§ 79.05, 79.07) or set forth a unique procedure to be employed in prosecution of the matter (see, i.e., Executive Law § 63 [12]; Judiciary Law § 90).

Accordingly, we modify the order to direct that the matter

be converted to a plenary action *(see,* CPLR 103 [c]); that the notice of petition and petition be treated as the summons and complaint, respectively; and that defendant serve an answer within 20 days of receipt of this court's order. (Appeal from order of Monroe County Court, Maloy, J.—dismiss petition.) Present—Dillon, P. J., Callahan, Boomer, Balio and Lawton, JJ.